[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Dobco's third amended complaint consists of fourteen counts against eight defendants. Dobco has moved to strike two of the special defenses alleged by the defendant AGLIC. Additionally, the defendant Ontario has moved to strike the plaintiffs fourteenth count.
Dobco's Motion to Strike
AGLIC's first special defense to Count Two is that AAC is entitled to offset from any sums due Dobco all sums it paid as a result of Dobco's failure to perform. AGLIC acting as AAC's surety is entitled to raise any defense that would be available to AAC.American Oil Co. v. Valenti, 179 Conn. 349 (1979). Though captioned as a special defense, this pleading appears to be a claim for set off. Although setoff is not defined as a special defense by the Connecticut Practice Book (P.B. § 10-50), it still must be affirmatively plead (P.B. § 10-54). Mis-captioning this setoff claim as a special defense is not a fatal flaw. The motion to strike the first special defense is denied.
Dobco also seeks to strike AGLIC's second special defense to Count Two. In this special defense, AGLIC alleges that Dobco negligently damaged the building and as a result of this negligence AAC had to expend additional funds chargeable to Dobco. This issue is properly raised through a special defense. The motion to strike the second defense to Count Two is denied. CT Page 5348
Ontario's Motion to Strike
The plaintiff complains in Count Fourteen that Ontario and Williams are alter egos of each other. Ontario has moved to strike this claim on the basis that Dobco failed to allege any facts which would show that Williams and Ontario were, in fact, acting as alter egos or that Ontario owed any duty to Dobco. In order to assert a claim of alter ego a plaintiff must allege that either theinstrumentality rule [i.e., (1) control, not mere majority or complete stock, but complete domination, not only of fiances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiffs legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of] or theidentity rule [i.e., plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise] was met. Tomasso v. Armor Construction Paving, Inc.187 Conn. 544, 553-54 (1982).
Dobco's complaint fails to contain sufficient factual allegations from which a fact finder could find Ontario liable as alter ego of Williams. Accordingly, the motion to strike is granted with the further order that the plaintiff shall be entitled to timely file a revised complaint setting forth sufficient facts to constitute an alter ego claim.
So ordered.
Bishop, J.